# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY E. VAUGHN, JR.,                    )
                                        )
                    Plaintiff,          )        3:25-cv-00020-CB
                                        )
        v.                              )        Chief Judge Cathy Bissoon
                                        )
HOLLIDAYSBURG BOROUGH, *et al.*,        )
                                        )
                    Defendants.         )

## ORDER

Defendants' Motion (Doc. 6) to dismiss will be granted, and their Motion (Doc. 9) to strike denied as moot.

Plaintiff operates an unincorporated business venture[1] that books "female exotic entertainers" at venues, "such as bars and taverns[,] by mutual agreement between [Plaintiff] and the owner of the venue." Doc. 8 at ¶ 2.[2] Plaintiff does not own property in the Borough of Hollidaysburg, *id.* at ¶ 30, but he periodically has booked events at a bar/restaurant there, D'Ottavio's Italian House. *Id.* at ¶ 5. The events commenced in December 2023, and continued until June 2024, when Borough officials "began efforts to enforce their [zoning o]rdinance pertaining to sexually oriented businesses." *Id.* at ¶¶ 7-9.

---

[1] Plaintiff's business bears no indicia of corporate formality, and, thus, it lacks a separate legal identity. Under the circumstances, he may proceed pro se. Shulman v. Facebook.com, 788 F. App'x 882, 885 (3d Cir. Oct. 11, 2019) (recognizing the same) (citations to quoted and other sources omitted, here and hereafter).

[2] The Complaint provides very little detail, and Plaintiff's allegations are fleshed out in his opposition brief, Doc. 8. Briefs are not pleadings, and, ordinarily, Plaintiff would be ordered to file an amended complaint. As discussed below, however, amendment would be futile, so the Court will consider the factual averments in his opposition as de facto amendments.

The Borough served cease and desist letters on the owner of D'Ottavio's, Paolo D'Ottavio, demanding that Plaintiff no longer hold events there. *Id.* at ¶¶ 11-12. "Due to a procedural requirement," unspecified by Plaintiff, and because D'Ottavio "[did] not appeal[] the Zoning Board's letters and allegations directly, D'Ottavio was without the ability to challenge the merits of the allegations." *Id.* at ¶ 14. Ultimately, the Borough obtained a "permanent injunction" in state court, "prohibiting [Plaintiff], specifically, from performing at D'Ottavio's." *Id.* at ¶ 15.

Plaintiff's reliance on the injunction notwithstanding, he has not attached any of the state court filings. This Court, on its own initiative, has obtained copies of the state court docket and the relevant orders. They are appended to this Order, and the Court takes judicial notice of them.

Neither Plaintiff nor his business was a party to the state proceedings. Mr. D'Ottavio was represented by counsel, who "explained the problems with the [o]rdinance." After a hearing, the state proceedings were resolved in the Borough's favor. *See* state orders, appended.

Plaintiff has brought this action under Section 1983, alleging that Defendants violated his rights under the First Amendment, Fourteenth Amendment and Equal Protection Clause. As defense counsel has argued, he lacks standing.

Plaintiff has no legally recognized property right in Hollidaysburg. His past, and intended future, business at D'Ottavio's, by invitation of the owner, does not qualify. Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296-99 (3d Cir. 2003) (property owners *within the borough* lacked standing, because they had not suffered injury to their property; nor could they "impute" standing based on "the legal rights or interests of [other] parties"); *see also, e.g.*, Swanson v. City of Chetek, 719 F.3d 780, 783 (7th Cir. 2013) (while the plaintiff-property owner could state an equal protection claim, his live-in girlfriend, who had no ownership interest, lacked standing); Royal Oak Entm't, LLC v. City of Royal Oak,

205 F. App'x 389, 396 (6th Cir. Nov. 9, 2006) (potential purchasers of an entertainment facility "had no right to be heard and no legal interests to protect" regarding the facility's liquor license; a plaintiff must "assert his own interests and not the interests of others," and the holder of the license was "not at all hindered" in asserting its own rights); Fish Hook Distilling Co. LLC v. Vester Propco, L.L.C., 2024 WL 992164, *6 (E.D. Mich. Mar. 1, 2024) (the plaintiff-property holder lacked standing to challenge another entity's rezoning proceedings; although "[c]itizens generally have a substantive due process right not to be subjected to arbitrary or irrational zoning decisions," "unless an individual has a constitutionally protected property . . . interest at stake, their substantive due process rights cannot have been violated").[3]

D'Ottavio enjoyed notice and an opportunity to respond—and it did so. *See* state filings, appended. The Borough prevailed, and Plaintiff lacks standing to achieve a different result.

That Plaintiff's business was referenced in the state court order granting a preliminary injunction ("PI") changes nothing. *See* App. "B" (PI order, dated Dec. 11, 2024). First of all, the preliminary injunction order was withdrawn and "replaced with [a] final [o]rder for permanent injunction" — the operative document for this Court — which contains no reference to Plaintiff or his business. *See* App. "C" (final order, dated Jan. 8, 2025). Even were that not

---

[3] "The Due Process Clause protects property interests that are created and defined outside of the Constitution, such as by . . . state law." AstraZeneca Pharm. v. Sec'y U.S. Dep't Health & Human Servs., 137 F.4th 116, 125 (3d Cir. 2025). Hollidaysburg's zoning authority emanates from the Pennsylvania Municipalities Planning Code ("MPC"). *See* Borough's Zoning Ordinance, Ch. 27 § 101 (citing same). Under Pennsylvania law, D'Ottavio has a legally enforceable interest; Plaintiff does not. Lodge v. Robinson Twp. Zoning Hearing Bd., 283 A.3d 910, 924 (Pa. Commw. 2022) (to challenge the validity of a zoning ordinance under the MPC, the objector must be an "aggrieved party," who definitionally is presumed to be "a property owner" in the municipality); *see also* S. Bethlehem Assocs., LP v. Zoning Hearing Bd. of Bethlehem Twp., 294 A.3d 441, 447 (Pa. 2023) (under the Home Rule Act, standing "protect[s] the courts and the public from improper plaintiffs," including those with "no legally enforceable interest affected by the matter complained of"; "[t]he 'legally enforceable' qualifier is important because[, even though] *an interest may be harmed, . . . but it may not be the type of interest the law protects*") (emphasis added).

the case, the essential fact remains:  the state proceedings were between the Borough and

D'Ottavio – against whom the injunctions were directed – not Plaintiff.  That he is "without the

legal ability to apply for a license and is without a method for filing for a special exception or

permit"[4] emphasizes, if unintentionally, the point.  Plaintiff cannot do those things because he

lacks standing.

What he can do, should he choose, is pursue business opportunities in the Borough's

"I-2" zoning district.  *See* Doc. 6-3 at ECF-header pgs. 50 through 52 of 94 (Ch. 27, Pt. 2 §

217.I-2 and Pt. 4 § 404(16)) *and* Doc. 6-4 at pg. 11 of 13 (Ch. 13, Pt. 4, § 412.1).  The property

owner, however, would need a permit for special exception.  *See* Doc. 6-4 at pg. 11.

Plaintiff's lack of standing is fatal to all of his claims, and it cannot be cured by

amendment.  Thus, Defendants' Motion (**Doc. 6**) to dismiss is **GRANTED**, and the case is

**DISMISSED WITH PREJUDICE**.  Defendants' Motion (**Doc. 9**) to strike Plaintiff's

opposition brief is **DENIED AS MOOT**.[5]

IT IS SO ORDERED.


March 26, 2026                                                  s/Cathy Bissoon
                                                               Cathy Bissoon
                                                               Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[4]  Pl.'s Doc. 8 at ¶ 29.

[5]  Contrary to defense counsel's suspicions, the Court believes Plaintiff that he has not received informal help from a lawyer.  His abilities are consistent with his background and experience. *See generally, e.g.*, Vaughn v. Cambria Cnty. Prison, 709 F. App'x 152, 153 (3d Cir. Oct. 3, 2017) (Plaintiff's civil rights case against Cambria County Prison, alleging that he was removed from his prison law librarian job, and transferred to a different facility, in retaliation for assisting other inmates with their legal claims).

cc (via First-Class U.S. Mail):

Gary E. Vaughn, Jr.
701 Farren Street
Portage, PA  15946